GONZÁLEZ, DEMANDANTE Y APELANTE, *v.* MALGOR LUIÑA & CO., DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera.

### No. 1971.—Resuelto en mayo 19, 1919.

RESOLUCIONES NO APELABLES—SENTENCIA—APELACIÓN.—Si bien la resolución sosteniendo excepciones previas a la demanda no es apelable, sin embargo, cuando como consecuencia de tal resolución se dicta sentencia por el tribunal, *motu propio* o a instancia de parte, declarando sin lugar la demanda y determinando respecto al pago de las costas, entonces existe sentencia que pone término al asunto y como tal puede ser apelada.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Enrique Campillo.*

Abogado de la apelada: *Sr. Charles Hartzel.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

La demanda presentada en este caso fué excepcionada por el fundamento de no aducir hechos suficientes para determinar una causa de acción, después de lo cual el juzgado municipal pronunció la siguiente:

"SENTENCIA.—Celebrada la vista de la excepción previa el día del señalamiento, la corte se reservó su resolución y en el día de hoy dicta sentencia, en este caso, por no ser los demandados dueños o directores de un establecimiento o empresa que vengan obligados de acuerdo con el inciso 4°. del artículo 1804 del Código Civil a responder de los perjuicios causados por sus dependientes por lo que declara con lugar la excepción previa y sin lugar la demanda sin especial condenación de costas."

No conforme el demandante con esa sentencia apeló de ella para ante el tribunal de distrito, el que desestimó la apelación fundándose en que no existía sentencia en el pleito que pudiera ser apelada, porque el hecho de que el tribunal municipal llame sentencia a la resolución de una excepción previa no tiene valor, ni la calidad de tal sentencia a lo que por sí no lo es.

Contra esta resolución interpuso el demandante el presente recurso de apelación.

Si bien la resolución sosteniendo excepciones previas a la demanda no es apelable, según hemos resuelto en muchos casos, sin embargo, cuando como consecuencia de tal resolución se dicta sentencia por el tribunal, *motu propio* o a instancia de parte, declarando sin lugar la demanda y determinando respecto al pago de las costas, entonces existe sentencia que pone término al asunto y como tal puede ser apelada. En el caso de *Vega et al.,* v. *Rodríguez et al.,* 17 D. P. R. 253, dijo este Tribunal Supremo lo siguiente:

"Cuando una corte declara con lugar una excepción previa el caso queda por el momento resuelto y la parte que gana la excepción tiene derecho a que se dicte una sentencia, a menos que se dé una oportunidad a la otra parte para enmendar o adoptar alguna otra medida. Esta oportunidad puede surgir, según la ley, por permiso o concesión de la corte, dado voluntariamente o a solicitud de la parte vencida, o quizás dicha oportunidad puede surgir de cualquier convenio hecho por las partes. Si nada de esto ocurre, la sentencia es una consecuencia tan necesaria del acto de declarar con lugar la excepción previa, como una sentencia semejante sería la conclusión necesaria de la celebración de un juicio sobre los hechos."

Véase también el caso de *Capó* v. *Capó,* en el mismo tomo, página 255.

Dados los términos en que está redactada la sentencia del juzgado municipal objeto de la resolución apelada ante nosotros, el juez de la primera instancia no sólo resolvió la excepción opuesta a la demanda sino que fundándose en esa resolución y entendiendo tal vez que no debía conceder permiso para enmendar la demanda, dictó sentencia declarándola sin lugar y resolviendo respecto de las costas. Tal resolución por sus pronunciamientos y su forma es una sentencia.

La resolución apelada debe ser revocada debiendo continuar los procedimientos.

*Revocada la resolución apelada y ordenada la*
*continuación de los procedimientos.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.