Rafael Fuster y Fuster, peticionario, *v.* Hon Corte de Distrito de Guayama, América Paonessa y Julia B. de Moya, demandadas.

No. 663.—*Sometido:* Julio 15, 1929. *Resuelto:* Nov. 22, 1929.

*F. Beiró Rovira*, abogado del peticionario; el juez recurrido compareció por escrito.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

Rafael Fuster y Fuster demandó ante la corte de distrito de Guayama a América Paonessa y Julia B. de Moya en cobro de cantidad, a virtud de un documento, pagaré por $500, con intereses al 12 por ciento anual en caso de mora, suscrito por las demandadas solidariamente a la orden de Fuster, en 13 de enero de 1928, por ante el notario Arcilio Alvarado, y vencido antes de la fecha de la demanda, alegándose en ésta que las demandadas se negaban a pagar la deuda. Una de las demandadas, Julia Brenes de Moya, presentó una moción de eliminación, que fué declarada con lugar en parte; y el demandante formuló demanda enmendada, sosteniendo las mis-

mas alegaciones esenciales de la original, a la que la citada demandada opuso excepción previa. Al resolver ésta, la corte declaró que en el pagaré no aparece el consentimiento del esposo de la demandada Julia Brenes de Moya, y declarando con lugar la excepción previa, dispuso que la referida demandada fuera eliminada del litigio. Entonces el demandante presentó moción en la que pidió que se dictara sentencia declarando sin lugar la demanda en cuanto a Julia Brenes de Moya, para estar en condiciones de apelar. La corte resolvió en cuanto a esta moción desestimándola por entender que carece de jurisdicción para ello, ya que la demandada Julia Brenes de Moya se halla eliminada del caso, y la otra demandada se encuentra en rebeldía. Y éste es el motivo de la petición de *certiorari* en este caso.

En realidad la resolución de la corte en cuanto a la excepción previa, debió limitarse a declararla con o sin lugar, y en su caso a dictar sentencia si la decisión lo imponía así, o se pedía por alguna de las partes. La medida de "eliminar" a una parte del proceso, no es la autorizada por la ley, al menos en la forma usada en este caso; la parte puede quedar eliminada por virtud de la sentencia que, es en casos como el presente el medio propio para ello.

La jurisprudencia citada por el peticionario, caso *Torres* v. *Calaf,* 17 D.P.R. 616, y las decisiones en ese caso confirmadas, *González* v. *Malgor,* 27 D.P.R. 383, es de aplicación en cuanto se resuelve que las resoluciones de las cortes en excepciones previas no ponen término al litigio, y es necesario que se registren como sentencias para que puedan ser materia de apelación. Pero todavía se marca más el procedimiento a seguir, en el caso *Medina González* v. *Montalvo,* 38 D.P.R. 517, en donde hemos dicho que la orden para que se dicte sentencia declarando con lugar la demanda no es bastante, sino que ha debido registrarse la sentencia, y traerse su copia.

En verdad, la resolución de la corte pudo y debió completarse con la sentencia, y más cuando la pidió expresamente el

demandante. De otra forma se priva a éste de establecer una apelación, por falta de resolución apelable.

La corte conservaba su jurisdicción sobre Julia Brenes de Moya, respecto a lo cual no se había registrado sentencia alguna; el litigio, en cuanto a ella, no había llegado a una resolución final, y la corte estaba en condiciones para dictar la sentencia solicitada.

*Debe declararse con lugar la petición, anulándose la resolución objeto de la misma, y ordenándose se dicte sentencia definitiva como se solicitó por el peticionario.*